UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harold Anderson, | ) | C/A No. 9:08-745-TLW-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| Director Samuel B. Glover; Betty NLN; Judge Edward W. Miller; J.D. Burch; Steve W. Sumner; Magistrate Judge James E. Hudson, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Harold Anderson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time of filing the complaint, Plaintiff was a prisoner within the South Carolina Department of Corrections (SCDC), but has since been released. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names defendants alleged to be involved in Plaintiff's probation revocation proceedings. Plaintiff seeks monetary damages. Complaint at 12.[2] The pleadings should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, many of the Defendants are immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii).

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The page numbers of the documents referenced in this report are the page numbers assigned by the docketing system found at the top of each page of the document on the docket.

conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

#### Background

Plaintiff pled guilty in state court to drug distribution charges on October 4, 2004.[3] Plaintiff was

---

[3] The brief factual background of Plaintiff's state criminal proceedings, probation revocation and post-conviction actions is taken from information in Plaintiff's contemporaneously filed case No.

sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school.  On July 22, 2005, Plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years of the original ten year sentence.  Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail.

In March 2008, Plaintiff submitted for filing in this Court hundreds of hand written pages, a confusing array of documents, which appeared to be separate complaints against various defendants. Many of Plaintiff's submissions contained "Statement of Claim" or "Statement of Claim Continued" at the top, but were not attached to a particular complaint.  This Court construed the documents submitted as seven separate cases and attempted to group the apparent random documents into the seven cases.[4]  In all seven cases, the plaintiff failed to pay a filing fee or request to proceed *in forma pauperis*. On May 5, 2008, orders were issued in each case permitting Plaintiff to bring the case into proper form by providing the filing fee or *in forma pauperis* motion.  The plaintiff complied by filing motions to proceed *in forma pauperis* which were granted in each case.

The complaint in this case, including five attached documents titled "Statement of Claim Continued," names two judges, the director of the South Carolina Department of Probation, Parole and Pardon Services (DPPPS), an employee of DPPPS, an attorney, and an individual only identified by first

---

9:08-742-TLW.  A district court may take judicial notice of materials in the court's own files from prior proceedings. *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949).

[4] The case numbers for the seven cases are:  9:08-741; 9:08-742; 9:08-743; 9:08-744; 9:08-745; 9:08-746; 9:08-818.

name, all involved in the proceedings revoking Plaintiff's probation. Plaintiff seeks monetary damages.
[Docket # 1 at 12; 1-2 at 4; 1-4 at 4; 1-5 at 7; 1-6 at 5.]

## Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## I. Failure to State a Claim

The first requirement to state a claim under § 1983 is that the defendant act under color of state law. The Defendant Sumner is an attorney involved in the legal defense of Plaintiff in relation to his probation revocation proceedings. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). An

4

attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Thus, the pleadings fail to state a claim under § 1983 against Defendant Sumner.

The remaining Defendants appear to act under color of state law for purposes of a § 1983 action, but no constitutional violation is sufficiently stated in the pleadings.

The twelve page document deemed a complaint in this case and the five attachments to the complaint titled "statement of claims continued" are a conglomeration of narrative that provides very little factual allegations, and no allegations that can be construed as a claim under § 1983. The complaint does not allege facts that convey how the Defendants have violated a constitutional right of Plaintiff. For example, the complaint states, verbatim:

> This action aries under the claims of neglect of duty as and public official as the Director of the South Carolina Department of Probation Parole Agency for failer to report to the apporaite authority at a reasonable time fram as part of his official duty as the Director of the Probation and Pardon Services for the State of South Carolina maine branch for a March 11, 2004 crime date in his files and a complet disreguard of his dutys as the head of that Department.

Complaint at 2. Similarly, the first attachment only alleges the following facts: "Defendant Betty  [NLN], C.S.W. stated I consent and signed here signature on the following docoumation that states order for bail on the following docoumation that ststes indictment #2004-GS-23-06-986 reguarding warrant #G80-38-44- and G 80-38-37 reguarding the home incarceration program HIP house arrest that I was on at the time." Docket # 1-2 at1. The remaining attachments are similar in their brief factual allegations that do not allege how the stated facts violate Plaintiff's constitutional rights. The brief narrative is followed by legal conclusions, such as the following, that are repeated in many of Plaintiff's

5

pleadings:

> The Defendant Samuel B. Glover has committed wrong under color of law and violated
> funamental principles of fairness, embodied in the United States Constitutional to cause
> the Plaintiff Harold Anderson defamate of character, emotionally, pain, and suffering.
> The Defendant Doris P. Poole has committed wrong under color of law the Defendant
> Samuel B. Glover is not immune from suit when she acted with deliberate indifference
> misusing here authority [cite/quote omitted].  This is a violation of 4th and 5th Adment
> and 14th Adment right to USCA.

Complaint at 10 [verbatim].  In most of the attachments to the complaint, Plaintiff changes the

Defendant's name, but states substantially the same legal conclusions, sometimes verbatim. Docket #

1-2 at 2; 1-4 at 2; 1-5 at 4; 1-6 at 3.  The complaint makes conclusory statements, such as "[t]his is a

violation 4th and 5th Adment and 14th Adment right to USCA,"[sic], referring to Amendments of the

United States Constitution. Complaint at 10.  However, no facts are provided that implicate violation

by the Defendants of any of Plaintiff's rights under the Constitution.

The complaint's general claim of rights being violated does not state a claim under § 1983.

Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make

mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v.

Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed

because "failed to contain any factual allegations tending to support his bare assertion").  The United

States Supreme Court discussed pleading requirements in *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197,

2200 (2007), stating that

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the
> claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the
> statement need only give the defendant fair notice of what the claim is and the grounds
> upon which it rests.

The Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley v.* , _U.S._, 127 S.Ct. 1955, 1974 (2007). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Immune Defendants

Even if Plaintiff had sufficiently stated a claim under § 1983 in this case, several of the Defendants are immune from suit.

### A.  Judicial Immunity

The Defendants Miller and Hudson have absolute judicial immunity from suit.  Immunity presents a threshold question which should be resolved before discovery is even allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). In *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) and *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983.  The pleadings state that Defendants Miller and Hudson are judges and the factual allegations concerning these Defendants relate to judicial acts taken in relation to the Plaintiff's probation revocation proceedings. Defendants Miller and Hudson have absolute immunity from suit in this § 1983 action.

### B.  Sovereign Immunity

The Defendants that are acting under color of state law, sued in their official capacity, have

sovereign immunity. A § 1983 action against a state official in his official capacity is a suit against the official's office, which is the same as suit against the State. *Bright v. McClure*, 865 F. 2d 623 (4th Cir. 1989). A suit against Defendant Glover in his official capacity as Director of the South Carolina Department of Probation, Parole and Pardon Services is actually suit against the agency, which is the same as suit against the State. The State has immunity from suit for damages pursuant to the Eleventh Amendment of the United States Constitution. A State must expressly consent to suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984), and the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, § 15-78-20(e) South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Additionally, official capacity claims can be dismissed because defendants sued in their official capacity are not a "person" within the meaning of § 1983. *Vermont Agency of Natural Resources v. United States*, 529 U.S. 1858 (2000). Claims against Defendants in their official capacity should be dismissed.

The complaint, including all attachments, fails to state a claim upon which relief may be granted under § 1983 against these immune Defendants and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.  State Claims

Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Even if the pleadings in this case were liberally construed to state a claim based on state law, such as defamation, the Court should decline to consider the state law claims alone. Federal

8

courts are permitted to decline supplemental jurisdiction pursuant to subsection 28 U.S.C. § 1367(c), if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because the pleadings fail to state a federal claim under § 1983, over which the Court would have original jurisdiction, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3).

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B). The plaintiff's attention is directed to the notice on the following page.


August *19*, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).